# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RUBEN GOMEZ,<br><br>　　　　Defendant. | Case No. 16CR0681-H<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br>(Doc. No. 36.) |

Pending before the Court is Defendant Ruben Gomez's ("Defendant") *pro se* motion for early termination of supervised release filed on May 9, 2019, *nunc pro tunc* to May 6, 2019. (Doc. Nos. 35 and 36.) The Defendant seeks early termination of supervised release based on his compliance with the terms and conditions of his supervised release and his success on supervision. (Id.) The Court ordered the Government to file a written response to the Defendant's request for early termination of supervised release by May 22, 2019. (Doc. No. 37.) As of the date of this order, the Government has not filed a written response to the Defendant's motion. For the reasons set forth below, the Court grants in part and denies in part the Defendant's motion.

## Background

On April 19, 2016, the Defendant tendered a guilty plea before the Magistrate Judge to a charge of possession of methamphetamine with intent to distribute in

-1-

violation of Title 21 U.S.C. § 841(a)(1). (Doc. No. 15.) The Defendant executed a written plea agreement (Doc. No. 19) and the Magistrate Judge issued a Findings and Recommendation recommending that this Court accept the Defendant's guilty plea. (Doc. No. 20.) The Defendant agreed in his plea agreement that "he will not later seek to reduce or terminate early the term of supervised release until he has served at least two-thirds of his term of supervised release[.]" (Doc. No. 19 at 10.) On May 4, 2016, the Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 22.) On November 7, 2016, the Court sentenced the Defendant to 24 months of custody followed by three years of supervised release. (Doc. Nos. 31 and 33.) On May 9, 2019, the Defendant filed a request for early termination of supervised (Doc. No. 36) and the Court ordered the Defendant's letter be filed as a motion, *nunc pro tunc* to May 6, 2019, the date the Court received the Defendant's request. (Doc. No. 35.) As of the date of this order, no response has been filed by the Government.

## **Discussion**

Under Title 18 U.S.C. § 3583(e)(1), a district court is authorized to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" When reviewing a motion for early termination of supervised release, a district court must apply the standards set forth in Title 18 U.S.C. § 3583(e). United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In turn, § 3583(e) requires a district court to consider and weigh certain factors set forth in Title 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), in deciding whether to grant or deny a motion to terminate supervised release.[1]

---

[1] The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) to afford adequate deterrence to criminal conduct; (3)

Furthermore, "[i]t is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." Emmett at 824; See also United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997) (Concluding that early termination of supervised release is reserved for rare cases of a defendant's "exceptionally good behavior" while on supervision.).

In considering the relevant § 3553(a) factors, the Court notes that although the crime involved in this case is generally a very serious offense, the Court granted a minor role adjustment under the Sentencing Guidelines and departed downward six levels under a combination of factors, U.S.S.G. § 5K2.0, based on the history and characteristics of the Defendant and the circumstances surrounding the offense in this case. Given that the Court has not received any reports of noncompliance from the probation officer, the Defendant has shown that he has been deterred from criminal conduct and has demonstrated that he does not pose a risk of committing future crimes. Additionally, the Defendant argues that he is employed at United Nissan in Las Vegas, Nevada, is earning a respectable income, and is adequately providing for himself and his family. Given the Defendant's financial and employment situation, the Defendant is in no need of educational or vocation training and is in no need of medical care or other correctional treatment. Finally, the Court notes that there are no victims in this case and therefore no outstanding restitution is owed to any victims. While the seriousness of the offense is a negative factor weighing against early termination of supervised release, the Defendant's performance on supervised release slightly outweighs the negative factor in favor of early termination of supervised release.

The Court is cognizant, and other courts have held, that "compliance with release conditions, resumption of employment and engagement of family life [ ] are expected

---

to protect the public from further crimes of the defendant; (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

milestones rather than a change of circumstances rendering continued supervision no longer appropriate." United States v. Bauer, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (Davila, J.) Nevertheless, in addition to the relevant § 3553(a) factors, the Court, in granting a motion for early termination of supervised release, must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" under § 3583(e)(1). In light of the Defendant's plea agreement providing that he must serve at least two-thirds of his supervised release term, the Court is satisfied that the ends of justice is served by reducing the Defendant's term of supervised release to two years, which is two-thirds of the three years of supervised release previously imposed. See United States v. Cunningham, No. 05CR2137-LAB, 2014 WL 3002207, at *2 (S.D. Cal. July 1, 2014) (Burns, J.) ("At some point, once justice has been served, the system must take care to avoid erecting roadblocks that might prevent an offender from reintegrating into society and becoming a productive and useful citizen again.")

## **Conclusion**

After applying the legal standards set forth in § 3583(e) and considering the factors set forth in § 3553(a), the Court GRANTS IN PART AND DENIES IN PART the Defendant's motion for early termination of supervised release. The Court reduces the Defendant's term of supervised release from three years to two years.

The Clerk is directed to send a copy of this order to the Defendant and to the United States Probation Office.

IT IS SO ORDERED.

DATED: June 7, 2019

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE